IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BAYMONT FRANCHISE SYSTEMS, INC., a Delaware Corporation, formerly known as Baymont Franchises International, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 15 C 5938 |
| CALU HOSPITALITY, LLC, an Illinois Limited Liability Company; and NATARAJ V. KOTE, also known as NATE KOTE, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Baymont Franchise Systems, Inc. ("Baymont") has just filed this action against Calu Hospitality, LLC ("Calu") and Nataraj Kote ("Kote"), seeking to invoke federal jurisdiction on diversity of citizenship grounds. Because that effort is impermissibly flawed in one respect, so that Baymont has failed to carry the burden of establishing subject matter jurisdiction here, this sua sponte memorandum opinion and order has been compelled to dismiss both the Complaint and this action on such jurisdictional grounds -- but with the understanding that the present flaw may possibly be cured within the 28-day time frame allowed for an appropriate motion under Fed. R. Civ. P. ("Rule") 59(e).[1]

Complaint ¶ 1 properly identifies the jurisdictional facts as to Baymont itself, while Complaint ¶ 3 does the same as to individual defendant Kote. But as to Calu, Complaint ¶ 2 speaks only of jurisdictionally irrelevant facts:

---

[1] That possibility is addressed in somewhat greater detail later in this opinion.

Defendant Calu Hospitality, LLC ("Calu") is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business in Calumet City, Illinois.

Those allegations ignore more than 1-1/2 decades of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then). These more recent cases are exemplified by Wise v. Wachovia Sec, LLC, 450 F.3d 265 (2006), which in turn cites a number of other cases supporting this proposition succinctly stated in Wise, id. at 267:

> The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members.

And that repeated teaching has of course has been echoed many times over by this Court and its colleagues.

For some few years after that principle was newly announced this Court contented itself with simply identifying such failures to lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But at this point there is really no excuse for Baymont's counsel's lack of knowledge of such a firmly established principle so constantly reiterated by our Court of Appeals. Hence this Court's practice during the past several years has been to heed our Court of Appeals' directives calling for dismissal of cases involving other (but substantively equivalent) situations where counsel have violated other fundamentals of diversity jurisprudence (see, e.g., Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004)).

Accordingly not only the Complaint but also this action are dismissed for Baymont's failure to have demonstrated diversity of citizenship (and hence federal subject matter jurisdiction). If it were to turn out that the citizenship of Calu's members would confirm that

total diversity is indeed present, Baymont would be required to refile this action. But in this Court's view the mandate of the Court of Appeals' caselaw on the subject is sufficiently Draconian that requiring such a refiling of the case plus having to reproduce and refile such a bulky Complaint is not called for. So if Baymont is capable of establishing the required jurisdictional facts within the Rule-59(e)-permitted time frame, this Court would be inclined to grant a motion to undo the requirement of such reproduction -- but that would have to be at an appropriate price, in this instance Baymont's payment of another $400 as the equivalent of the new filing fee that it would have had to pay if required to file a new action that was sound in jurisdictional terms.

One other question requires attention, though. Complaint ¶ 25 and Ex. D reflect that Calu was involuntarily dissolved in December 2012. Under the Illinois Business Corporation Act the dissolution of an ordinary corporation still permits the corporation to be sued in its corporate name for a five-year period after dissolution (805 ILCS 5/12.80), but the Illinois Limited Liability Company Act has a more complex provision that, even though the relevant citizenship may remain the same for jurisdictional purposes, may require Baymont to sue and serve Calu's members rather than Calu itself (see 805 ILCS 180/25-50). Baymont's counsel will have to look into that question as well if it wishes to shape its lawsuit properly.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 9, 2015